**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

SEANDERYL CRAWFORD, # 560561,

        Petitioner,

v.                                                   Case Number: 08-14569
                                                      Honorable Marianne O. Battani

CINDI CURTIN,

        Respondent,
_____/

**ORDER DENYING PETITIONER'S MOTIONS
FOR RELEASE ON BAIL AND FOR A *GINTHER* HEARING**

**I.  INTRODUCTION**

      This is a habeas case filed under 28 U.S.C. § 2254.  Petitioner Seanderyl Crawford is a state prisoner currently incarcerated at the Newberry Correctional Facility in Newberry, Michigan.  He filed this *pro se* habeas petition challenging his 2005 convictions for (1) impersonating a peace officer, MICH.COMP.LAWS § 750.2153, (2) three counts of armed robbery, MICH.COMP.LAWS § 750.529, (3) felonious assault, MICH.COMP.LAWS § 750.82, (4) first-degree home invasion, MICH.COMP.LAWS § 750.110(a)(2), and (5) felony firearm, MICH.COMP.LAWS § 750.227(b)(a), which were imposed following a bench trial in Wayne County Circuit Court.  On January 4, 2006, Petitioner was sentenced to concurrent terms of (1) two to four years in prison for the impersonating conviction, (2) fourteen to thirty years in prison for each of the armed-robbery convictions, (3) two to four years in prison for the felonious-assault conviction, (4) ten to twenty years in prison for the first-degree-home-invasion conviction, and (5) the mandatory two years in prison for the felony-firearm conviction, to be served consecutively to the other sentences.

Pending before the Court are the following motions filed by Petitioner on January 24, 2011: "Motion for Release on Bail" [dkt. # 16] and "Motion for a New Trial or *Ginther*"[1] hearing [dkt. # 17].  For the reasons stated, the Court denies the motions.

## II. DISCUSSION

### A. Motion for Release on Bail

Petitioner seeks immediate release from custody or release on bail pending disposition of his habeas petition.  Petitioner relies on the Eighth Amendment and *People v. Giacalone*, 16 Mich.App. 352, 167 N.W.2d 871 (1969) for support.  He asserts that he will not flee if released, that he is not a danger to the community, that substantial questions of law and fact have been presented on appeal, and that his release will not present a risk to the proper administration of justice.

Federal Rule of Appellate Procedure 23(c) provides:

> While a decision ordering the release of a prisoner is under review, the prisoner must–unless the court or judge ordering the decision, or the court of appeals, or the Supreme Court, or a judge or justice of either court orders otherwise–be released on personal recognizance, with or without surety.

The United States Supreme Court has held that this rule "undoubtedly creates a presumption of release from custody in such cases."  *Hilton v. Braunskill*, 481 U.S. 770, 774 (1987).  Rule 23(c) addresses situations where a party appeals a district court's decision granting habeas relief and ordering a petitioner's release.  This Court has not granted habeas relief in this case.  Therefore, Rule 23(c) is inapplicable to Petitioner's case.

---

[1] *People v. Ginther*, 390 Mich. 436, 212 N.W.2d 922 (Mich.1973).

2

To receive bond pending a decision on the merits of a habeas petition, a petitioner must show a substantial claim of law based on the facts surrounding the petition and the existence of "some circumstance making the [motion for bail] exceptional and deserving of special treatment in the interests of justice." *Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990) (citing *Aronson v. May*, 85 S.Ct. 3, 5 (1964)). "There will be few occasions where a prisoner will meet this standard." *Dotson*, 900 F.2d at 79. Because a habeas petitioner "is appealing a presumptively valid state conviction . . . it will indeed be the very unusual case where a habeas petitioner is admitted to bail prior to a decision on the merits in the habeas case." *Lee v. Jabe*, 989 F.2d 869, 871 (6th Cir. 1993).

Applying the two-prong test in *Dotson*, this Court finds neither a substantial claim on the merits of the petition nor exceptional circumstances deserving special treatment in the interest of justice. Petitioner's motion is perfunctory and states no substantial basis for the extraordinary relief he seeks. Relief, therefore, must await review of the state-court record. Accordingly, the Court denies Petitioner's request for his immediate release from custody.

### B. Motion for *Ginther* Hearing

Petitioner seeks an evidentiary hearing on trial counsel's representation. This is Petitioner's second request for such a hearing.

A federal district court generally is prohibited from granting an evidentiary hearing if the habeas petitioner failed to develop the factual basis for his or her claims in state courts. 28 U.S.C. § 2254(e)(2). "In cases where an applicant for federal habeas relief is not barred from obtaining an evidentiary hearing by 28 U.S.C. § 2254(e) (2), the decision to grant such a hearing rests in the discretion of the district court." *Schriro v. Landrigan*, 550 U.S. 465, 468 (2007).

"Generally, a habeas petitioner is entitled to an evidentiary hearing in federal court if the petition 'alleges sufficient grounds for release, relevant facts are in dispute, and the state courts did not hold a full and fair evidentiary hearing.'" *Stanford v. Parker*, 266 F.3d 442, 459 (6th Cir. 2001) (quoting *Wilson v. Kemna*, 12 F.3d 145, 146 (8th Cir. 1994)).  An evidentiary hearing is not required where the record is complete or if the petition raises only legal claims that can be resolved without the taking of additional evidence. *Ellis v. Lynaugh*, 873 F.2d 830, 840 (5th Cir. 1989); *United States v. Sanders*, 3 F. Supp. 2d 554, 560 (M.D. Pa. 1998).

Although relevant facts may be in dispute, the Court is unable to determine at this time whether Petitioner is entitled to an evidentiary hearing.  Accordingly, Petitioner's motion is denied without prejudice.  The Court will reconsider its ruling, if necessary, after it reviews the state-court record.  It is not necessary for Petitioner to renew his motion or to file another motion regarding this issue.

### III.  CONCLUSION

Accordingly, **IT IS ORDERED** that Petitioner's motion for release on bail [dkt. # 16] is **DENIED.**

**IT IS FURTHER ORDERED** that Petitioner's motion for an evidentiary hearing and/or new trial is also **DENIED**.

**SO ORDERED**.

    s/Marianne O. Battani
    MARIANNE O. BATTANI
    UNITED STATES DISTRICT JUDGE

Dated: February 3, 2011

CERTIFICATE OF SERVICE

I hereby certify that on the above date a copy of this Order was served upon the Petitioner via ordinary U.S. Mail, and counsel for the respondent electronically.

s/Bernadette M. Thebolt

Case Manager